IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GERALD FORD, | ) | Civil Action No.: 4:08-00450-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JOHN OZMINT, DIRECTOR OF SCDC, | ) | |
| STAN BURTT, WARDEN, | ) | |
| MARK A. GETHERS, P1 MANAGER; | ) | |
| AND STEPHEN A. GALL, P2 | ) | |
| SUPERVISOR | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff filed this action under 42 U.S.C. § 1983[1] on February 12, 2008. Plaintiff alleges that his constitutional rights were violated by defendants when he was charged and convicted of an escape from Lieber Correctional Institution ("LCI"). In the complaint, plaintiff seeks to have his conviction for escape reversed, good time credits restored, all sanctions imposed be lifted, and his record expunged. Plaintiff also seeks monetary and punitive damages.

This matter is before the court on plaintiff's motion for injunctive relief filed May 19, 2008, and defendants' motions for summary judgment filed June 4, 2008, and July 10, 2008. (Documents #27, #29, and #38).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## I.  PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

In his motion for injunctive relief, plaintiff argues that the law library is inadequate at the LCI because the SMU inmates have to complete a law book request informing the staff what is needed which takes too much time to receive the books. Plaintiff argues that he has waited as long as two weeks for law books. Plaintiff asserts that the books may be delivered only one to two times a week. Plaintiff further argues that there is interference with obtaining legal material such as pens, paper, envelopes, and that there are problems with the waiting times for the materials because you have to send debit forms to receive the material and have to have a current court date to get additional material.  Thus, it appears plaintiff is requesting that the court provide injunctive relief by ordering that he not have to wait to receive his legal materials and books pursuant to the procedures at the LCI.

The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979).  See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the plaintiff if the relief is

2

not granted and the likelihood of harm to the defendants if the injunction is granted.  North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750. Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly.  The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief."  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As noted, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons.  Granting plaintiff injunctive relief  would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order.  Importantly, the plaintiff has failed to show that he will suffer irreparable harm if preliminary relief is not granted.  A review of the plaintiff's motion reveals that he has not shown that he has been denied access to legal materials but only complains of the procedure to receive such materials. Plaintiff has not asserted and/or provided any information about any other kind of emergency or imminent dismissal, etc. with respect to a case based on the procedure at LCI for obtaining legal materials as set out in his motion. Additionally, plaintiff does not address any type of prejudice to SCDC, or to the public interest that might result should his request for an injunction be granted in this case.  He does not suggest why this Court should step in at this time and place limits on the discretion of prison officials. As a result, it is clear that plaintiff's motions are insufficient to require an order for temporary injunctive relief.

Accordingly, it is recommended that plaintiff's motion (Documents # 27) be DENIED.

## II.  DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendants filed a motion for summary judgment on June 4, 2008, asserting that plaintiff's action should be dismissed for failure to exhaust administrative remedies.  Defendants argue that the "plaintiff has not provided any evidence that he has exhausted all available remedies as required by statute. In fact, plaintiff has not provided any evidence that he even utilized the formal grievance process in accordance with law. " (Memorandum, p. 8). However, in his response in opposition, plaintiff asserts that he has utilized and exhausted the grievance procedure. Plaintiff attached copies of grievances that he filed and a document filed by the South Carolina Administrative Law Court showing that an action was filed by plaintiff on April 29, 2008. The court is not able to ascertain if the action filed by plaintiff in the Administrative Law Court is or is not related to the claims alleged in this action and if a final response was filed to his Step 2 grievance form. Defendants did not file a reply or request to amend their motion for summary judgment.

Based on the fact that plaintiff has presented evidence that he filed grievance forms relating to the allegations in this action, it is recommended that defendants' motion for summary judgment based on exhaustion be denied without prejudice with right to re-file.[2]

Defendants also filed a motion for summary judgment asserting that the case should be dismissed for plaintiff's failure to respond to their requests to admit. Defendants had also moved for an order staying discovery in this matter until their motion for summary judgment based on qualified immunity was decided. An order staying discovery was entered on August 22, 2008, until the

---

[2] Defendants' also asserted they were entitled to summary judgment based on Eleventh Amendment Immunity and qualified immunity. However, without addressing the merits and presenting affidavits, the court is not in a position to grant summary judgment at this point.

4

immunity issue was resolved.[3] The Request to Admit was filed, and response thereto was due, prior to the order staying discovery was entered. However, defendants fail to set forth how and why the admissions, assuming they are admitted, are dispositive of all of plaintiff's claims and remedies. Therefore, it is recommended that defendants' motion for summary judgment (Doc. # 38) based on the failure of plaintiff to respond to the requests to admit be denied without prejudice.

## III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motions for summary judgment be denied (docs. # 29, #38 ) with right to re-file.

It is further RECOMMENDED that plaintiff's motion for injunctive relief (doc. #27) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
THOMAS E. ROGERS, III
UNITED STATES MAGISTRATE JUDGE

December 17,  2008
Florence, South Carolina

---

[3] Plaintiff's motion to compel discovery was deemed moot based on the order to stay discovery, or in the alternative, plaintiff's motion to compel was denied for failure to attach a copy of the discovery requests. (See order entered August 22, 2008).