IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gerald Ford, | ) | C/A NO. 4:08-450-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| John [sic] Ozmint, Director of SCDC; | ) | |
| Stan Burtt, Warden; Mark A. Gethers, | ) | |
| P1 Manager; and Stephen A. Gall, | ) | |
| P2 Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to

42 U.S.C. § 1983.[1]

---

[1] The court notes that Plaintiff has combined two cases into one: he seeks the expungement of an administrative conviction and the restoration of good time credits as well as the removal of other sanctions (more correctly asserted as a petition for habeas corpus), and he is asserting a state law claim of negligent supervision and training against Defendants Gethers and Gall. A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the fact or length of the confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Plaintiff's claims relating to the fact of his administrative conviction and the asserted constitutional deficiencies relating to that conviction clearly, and more correctly, sound in habeas corpus. The court also recognizes that, where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. See *Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007), noting circuit split and comparing *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), with *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmate's proceeding under § 2241 to challenge execution of state court sentence). Congress created 28 U.S.C. § 2254 as the method for state prisoners to attack their state court convictions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On the other hand, § 2241, considered the general federal habeas corpus provision, is used for complaints related to parole matters, sentence computations, prison transfers, and various prison disciplinary matters.

The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. *Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").  On December 17, 2008, the Magistrate Judge issued a Report recommending that Plaintiff's motion for preliminary injunction be denied and that Defendants' motions for summary judgment be denied without prejudice.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Neither party has filed objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).   The court reviews the Report only for clear error in the absence of an objection.

---

(unpublished) (recognizing majority view but declining to indicate whether the Fourth Circuit would join the majority of circuit courts); *see*, *e.g.*, *White v. Lambert*, 370 F.3d 1003, 1005 (9th Cir. 2004); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277-79 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166-67 (2d Cir. 2002); *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001); *Medberry v. Crosby*, 351 F.3d 1049, 1058-62 (11th Cir. 2003); *but see*, *Montez v. McKinna*, 208 F.3d 862, 869-71 (10th Cir. 2000); *Greene v. Tennessee Dep't. of Corr.*, 265 F.3d 369 (6th Cir. 2001).

There are, of course, different considerations to apply to each type of case (habeas corpus petition versus a state law cause of action), as well as a deferential standard of review for Plaintiff's claims relating to his conviction for escape.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's motion for injunction (Dkt. # 27) is **denied**. Defendants' motions for summary judgment (Dkt. #29, 38) are **denied without prejudice**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 2, 2009

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-450 Gerald Ford v. Ozmint adopt rr den prel inj den sumjgm wo prej.wpd