IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GERALD FORD, | Civil Action No.: 4:08-00450-CMC-TER |
|     Plaintiff, | |
| vs | REPORT AND RECOMMENDATION |
| JOHN OZMINT, DIRECTOR OF SCDC, STAN BURTT, WARDEN, MARK A. GETHERS, P1 MANAGER; AND STEPHEN A. GALL, P2 SUPERVISOR | |
|     Defendants. | |

The plaintiff filed this action under 42 U.S.C. § 1983[1] on February 12, 2008. Plaintiff alleges that his constitutional rights were violated by defendants when he was charged and convicted of an escape from Lieber Correctional Institution ("LCI"). In the complaint, plaintiff seeks to have his conviction for escape reversed, good time credits restored, all sanctions imposed be lifted, and his record expunged. Plaintiff also seeks monetary and punitive damages.[2]

Defendants filed a motion for summary judgment on May 1, 2009. Because Plaintiff is proceeding pro se, the court issued an Order on or about May 6, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] This court previously entered a report and recommendation recommending that plaintiff's motion for injunctive relief be denied and defendants' motion for summary judgment denied without prejudice. The District Judge entered an order on February 2, 2009, adopting the report and recommendation. Subsequently, defendants filed a second motion for summary judgment on May 1, 2009.

for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment, or the court's Order requiring him to respond. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be

dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

                                          Respectfully submitted,

                                          s/Thomas E. Rogers, III
                                          THOMAS E. ROGERS, III
                                          UNITED STATES MAGISTRATE JUDGE

September 1, 2009
Florence, South Carolina